IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CASSIE BABB,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 06-2230-CM |
| | ) |
| **MID-AMERICA AUTO EXCHANGE, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

Plaintiff Cassie Babb brings this action claiming that defendant Mid-America Auto Exchange, Inc. ("Mid-America") violated the Federal Odometer Act, 49 U.S.C. §§ 32701 et seq.; the Kansas Consumer Protection Act, Kan. Stat. Ann. § 50-623 et seq.; and Kan. Stat. Ann. § 21-3757. She also alleges that defendant committed fraud and negligent misrepresentation. According to plaintiff, defendant allegedly sold plaintiff a vehicle with an altered odometer, drove the vehicle with an odometer off/on switch for purposes of altering the actual mileage, and failed to disclose to plaintiff the accurate mileage of the vehicle. Now pending before the court is defendant Mid-America's Motion to Dismiss or, in the alternative, Add a Party Defendant (Doc. 3). Defendant claims that plaintiff has failed to join an indispensable party. For the following reasons, the court denies defendant Mid-America's motion.

**I.  Background**

Kevin Lamont Jackson ("Jackson") acquired a 1997 Chevrolet Corvette from Stephen E. Binkley on or about July 6, 2000. The transaction's Odometer Disclosure Statement indicated that the Corvette's mileage was 45,000 miles, but stated that to the best of the seller's knowledge the

odometer had exceeded its mechanical limits and restarted at zero. Vanguard Auto Sales, L.L.C. ("Vanguard") acquired the Corvette from Jackson on November 10, 2004. This transaction's Odometer Disclosure Statement indicated that the Corvette's actual mileage was 57,647 miles. Mid-America acquired the Corvette from Vanguard on November 15, 2004, at which time the Odometer Disclosure Statement indicated that the Corvette's actual mileage was 57,655 miles. On February 25, 2005, Mid-America sold the Corvette to Babb. The Odometer Disclosure Statement indicated that the mileage on the Corvette was 57,995 miles but did not indicate whether this was the actual mileage, whether an odometer discrepancy existed, or whether the mileage exceeded the mechanical limits of the odometer.

**II.     Discussion**

**A.     Motion to Dismiss**

Defendant Mid-America alleges that Vanguard and Jackson are indispensable parties whom plaintiff failed to join. Whether a party is necessary or indispensable is determined by considering the factors set forth in Fed. R. Civ. P. 19. *Sac & Fox Nation of Mo. v. Norton*, 240 F.3d 1250, 1258 (10th Cir. 2001). "Rule 19 provides a mechanism for joining, where feasible, parties necessary for the just adjudication of a dispute and, where it is not feasible to join such parties, for dismissing the case." *Salt Lake Tribune Publ'g Co. v. AT & T Corp.*, 320 F.3d 1081, 1097 n.8 (10th Cir. 2003). The analysis to determine whether the court should dismiss an action for failure to join an allegedly indispensable party has three parts. *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001). First, the court must determine whether an absent party is "necessary." *Salt Lake Tribune Publ'g Co.*, 320 F.3d at 1096. Second, if the absent party is necessary, then the court must determine whether joinder of the party is feasible. Fed. R. Civ. P. 19(a)-(b). Third, if the court finds

joinder is not feasible, the court must decide whether the absent person is indispensable—whether the court can continue in "equity and good conscience" in the absence of the party. Fed. R. Civ. P. 19(b); *Citizen Potawatomi Nation*, 248 F.3d at 997.

The court must first decide if Vanguard and Jackson are necessary parties under Rule 19(a). Defendant claims that Jackson and Vanguard are both necessary parties to this action because, in the event plaintiff is successful, Mid-America would seek indemnification or contribution from Jackson and Vanguard. But a defendant's potential right to contribution or indemnification from an absentee does not make the absentee necessary under Rule 19. 4 James Wm. Moore et al., *Moore's Federal Practice* § 19.06(2) (3d ed. 1997). The Supreme Court stated in *Temple v. Synthes Corp.* that "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." 498 U.S. 5, 7 (1990); *see also Resolution Trust Corp. v. Stone*, 998 F.2d 1534, 1549-1550 (recognizing that the plaintiff had the choice of who to sue under the doctrine of joint and several liability); *Multimedia Games, Inc. v. WLGC Acquisition Corp.*, 214 F. Supp. 2d 1131, 1142 (N.D. Okla. 2001) ("It is a well-settled rule that a joint tortfeasor is not a necessary party under Rule 19(a) to an action against another party with similar liability."). The Advisory Committee Notes to Rule 19(a) state that "'a tortfeasor with the usual joint-and-several liability is merely a permissive party to an action against another with like liability.'" *Temple*, 498 U.S. at 7. Therefore, even assuming—without deciding—that joint and several liability applies, Vanguard and Jackson are, at best, permissive parties to the action.[1]

Because Vanguard and Jackson are not necessary parties under Rule 19(a), they cannot be indispensable parties under Rule 19(b). Therefore, the court need not consider the Rule 19(b) factors.

---

[1] Because it is unnecessary for purposes of this motion, the court will not address whether Vanguard is actually a permissive party to this action under Rule 20.

**B.     Motion to Add Vanguard as a Party Defendant**

Defendant Mid-America moves the court to add Vanguard as a party defendant to this action. "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21.  Rule 21's purpose, as indicated by its title, is to correct misjoinder and non-joinder of parties. *Hyplains Dressed Beef Inc. v. EE Operating Corp.*, 142 F.R.D. 174, 176 (D. Kan. 1992) (citing 7 C. Wright et al., *Federal Practice and Procedure* § 1683 (2d ed. 1986)).  Rule 21 does not, however, define misjoinder or non-joinder.  The meanings of misjoinder and non-joinder must be determined by reference to other joinder Rules.  Moore et al., *supra*, § 21.02(1); *see also Pan Am. World Airways, Inc. v. U.S. Dist. Court*, 523 F.2d 1073, 1079 (9th Cir. 1975) ("By itself, Rule 21 cannot furnish standards for the propriety of joinder, for it contains none.  Hence it must incorporate standards to be found elsewhere.").  Rule 17 and Rule 19 address who should be made parties to a litigation and "provide reference points as to what is meant by non-joinder under Rule 21." 7 C. Wright et al., *Federal Practice and Procedure* § 1683 (3d ed. 2001).  "As a general matter, failure to join an absentee who would merely be a proper party under Rule 20," as opposed to a necessary party under Rule 19, "is not 'non-joinder' under Rule 21."  Moore et al., *supra*, §§ 21.02(1), 21.02(5)(a).

As previously determined, Vanguard is at best a permissive party to this action.  The court will override plaintiff's choice whether to join a permissive party only when good reason to do so exists, "as when the absentee is 'necessary.'"  *Id.* § 21.02(5)(a).  Because Vanguard is not a necessary party, the court denies defendant's Motion to Add a Party Defendant.

-5-

**IT IS THEREFORE ORDERED** that defendant Mid-America's Motion to Dismiss or, in the alternative, Add a Party Defendant (Doc. 3) is denied for the reasons set forth above.

Dated this 22nd day of September 2006, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
